UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DUANE L. BERRY,

    Plaintiff,

v.

UNKNOWN PART(Y)(IES) #1, et al.,

    Defendants.
_____/

Hon. Hala Y. Jarbou

Case No. 1:22-cv-1118

**REPORT AND RECOMMENDATION**

Plaintiff Duane L. Berry filed a complaint in this Court on November 28, 2022, against so-called "3rd Party Service Providers and Interested Parties." The complaint, in its entirety, states:

> The Defendants are subject to the attached 11th Circuit stay ORDER enforcing Plaintiff's U.S. Marshal forfeiture arrests and attachments of Seized Federal Securities under the National Security Act. See Attached.
>
> The Plaintiff request [sic] that the court order the Defendant's compliance.

(ECF No. 1 at PageID.1.) Berry attached to his complaint an order issued by the United States Court of Appeals for the Eleventh Circuit on June 21, 2021, granting Berry's motion to stay Case No. 21-11738-J for a period of 60 days. (ECF No. 1-1.)

Because Berry paid the filing fee, I am not authorized to review the complaint under 28 U.S.C. § 1915(e) to determine whether it should be dismissed because it is frivolous or malicious or fails to state a claim on which relief may be granted. *See Clark v. United States*, 74 F. App'x 561, 562 (6th Cir. 2003) ("Clark, however, did not proceed IFP, but paid the filing fee. Generally, if a plaintiff pays the filing fee, a complaint is not subject to dismissal without notice to the plaintiff and an opportunity to amend.") (citing *Benson v. O'Brian*, 179 F.3d 1014, 1017 (6th Cir. 1999)).

Nonetheless, it is firmly established that a court may dismiss an action *sua sponte* "for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479–80 (6th Cir. 1999); *see also Wagenknecht v. United States*, 533 F.3d 412, 417 (6th Cir. 2008).

Berry's action is devoid of merit and should be dismissed. To begin, apart from the fact that Berry identifies no party as a Defendant upon whom his action might be served, I am aware of no statute or case permitting this Court to enforce a circuit court's order staying a case pending before that court, let alone an order issued by a circuit in which this Court is not even located. Berry cites no such authority for his request. But none of that matters. On September 2, 2021, the Eleventh Circuit entered an order denying Berry's motion to renew the stay granted by the June 20, 2021 order. (Attachment A.) Moreover, the docket report in Case No. 21-11738 shows that on October 6, 2021, the Eleventh Circuit dismissed the appeal for want of prosecution because Berry failed to pay the filing and docketing fees for his appeal. (Attachment B.) Thus, Berry is seeking to have this Court enforce an order he knows is no longer valid.

Accordingly, because the action is devoid of merit, I recommend that it be dismissed.

Date:  December 9, 2022                                  /s/ Sally J. Berens
                                                        SALLY J. BERENS
                                                        U.S. Magistrate Judge

## NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file

objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).